IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHICO UNTRAS MORGAN,       )<br>                                                  )<br>              Petitioner,            )<br>                                                  )<br>       v.                                         )<br>                                                  )<br> UNITED STATES OF AMERICA, )<br>                                                  )<br>              Respondent.          ) | Civil Action No. 3:14cv409-WHA<br>                    (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal inmate Chico Untras Morgan ("Morgan") is before the court on a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He challenges the 240-month sentence imposed in January 2010 after he pled guilty to distributing 50 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

**I. BACKGROUND**

Morgan pled guilty under a plea agreement on October 8, 2009. Before Morgan entered his guilty plea, the government filed an information under 21 U.S.C. § 851 establishing that Morgan had a prior conviction for a felony drug offense, increasing the statutory minimum sentence for Morgan's offense of conviction from 10 years of imprisonment to 20 years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).[1] On January 21,

---

[1] When Morgan was sentenced, § 841(b)(1)(A) provided that the sentence for a conviction of a violation of § 841(a)(1) where the offense involves 50 or more grams of cocaine base and the defendant has "a prior conviction for a felony drug offense[,]" shall be "not less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A) (2009). Absent a prior conviction for a felony drug offense, the sentence for a § 841(a) conviction involving 50 or more grams of cocaine
(continued...)

2010, the district court sentenced Morgan to 20 years imprisonment based on the mandatory minimum created by 21 U.S.C. § 841(b)(1)(A).[2]

Morgan appealed, arguing that his guilty plea was not knowing and voluntary because he relied upon his trial counsel's erroneous representations that his prior felony drug conviction would not increase his mandatory minimum sentence to 20 years. On October 1, 2010, the Eleventh Circuit affirmed his conviction and sentence. *United States v. Morgan*, 398 F. App'x 497 (11th Cir. 2010). Morgan did not seek certiorari review in the United States Supreme Court.

On February 14, 2014, Morgan filed this § 2255 motion in which he argues that *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), where the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury," 133 S. Ct. at 2155, requires that his sentence be vacated because his mandatory minimum sentence was increased to 20 years under § 841(b)(1)(A) based on judicial findings that he committed a prior drug felony. Doc. No. 2. According to Morgan, these findings should have been made by a jury, not the sentencing judge, and consequently his sentence is unlawful. *Id*.

---

[1](...continued)
base when Morgan was sentenced was from 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2009).

[2] Before sentencing Morgan, the district court denied his motion to withdraw his guilty plea in which Morgan argued that his plea was induced by his trial counsel's erroneous advice that his prior felony drug conviction would not increase his mandatory minimum sentence under § 841(b)(1)(A).

2

The government argues that Morgan's reliance on *Alleyne* is unavailing because *Alleyne* did not address prior-conviction sentencing enhancements and thus does not affect Morgan's sentence. Doc. No. 6 at 16-19. The government further argues that even if *Alleyne* applied to Morgan, he has failed to assert his claim within the one-year limitation period in 28 U.S.C. § 2255(f) and his claim should therefore be denied as untimely. *Id*. at 19-22.

After consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record, the court concludes that an evidentiary hearing is not required and that the motion should be denied.

## II. DISCUSSION

### A. Morgan's *Alleyne* claim is without merit.

Morgan contends that his sentence is unlawful under *Alleyne* because his mandatory minimum sentence was increased to 20 years under § 841(b)(1)(A) based on judicial findings that he committed a prior drug felony. Doc. No. 2 at 1-6. He argues that *Alleyne* requires such findings to be made by a jury, not the sentencing judge. *Id*. at 1-2.

Morgan's argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, the Supreme Court held that, for sentencing enhancement purposes, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proven beyond a reasonable doubt. 523 U.S. at 226-27, 239-40. Notably, *Alleyne* did not overrule *Almendarez-Torres*. *See Alleyne*, 133 S. Ct. at 2160 n.1 (noting that "[i]n *Almendarez–Torres v. United States*, . . . we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that

3

decision's vitality, we do not revisit it for purposes of our decision today.").

The Eleventh Circuit has rejected a claim similar to Morgan's relating to a sentencing court's finding predicate convictions to enhance a defendant's sentence under the Armed Career Criminal Act ("ACCA"). *United States v. Flowers*, 531 F. App'x 975 (11th Cir. 2013). In *Flowers*, the court explained:

> Flowers's reliance on *Alleyne* is unavailing. *Alleyne* did not address prior-conviction sentencing enhancements. Instead, *Alleyne* merely extended the rationale of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], which itself noted that the Sixth Amendment did not require "the fact of a prior conviction" to be submitted to a jury and proved beyond a reasonable doubt. *See Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); *see also Almendarez-Torrez v. United States*, 523 U.S. 224, 247, 118 S. Ct. 1219, 1233, 140 L. Ed. 2d 350 (1998) (holding that, for sentencing enhancement purposes, a defendant's prior conviction need not be alleged in the indictment or submitted to the jury and proved beyond a reasonable doubt). In fact, the *Alleyne* Court explicitly stated that it was not revisiting "the narrow exception to this general rule for the fact of a prior conviction." *Alleyne*, ___ U.S. at ___, 133 S. Ct. at 2160 n.1. Flowers has not shown that his ACCA-enhanced fifteen-year mandatory minimum violated his Sixth Amendment rights.

*Flowers*, 531 F. App'x at 984.

Because *Alleyne* does not apply to prior-conviction enhancements, it does not affect Morgan's sentence. As such, Morgan is not entitled to relief on this claim.

### B. Morgan's motion is also untimely.

Even assuming that Morgan could make a claim based on *Alleyne*, he failed to assert

4

his claim within the one-year limitation period in 28 U.S.C. § 2255(f).[3]

Morgan did not seek certiorari review in the Supreme Court following the Eleventh Circuit's October 1, 2010, decision on direct appeal affirming his conviction and sentence. *See United States v. Morgan*, 398 F. App'x 497 (11th Cir. 2010). Therefore, for purposes of § 2255, his conviction became final on December 30, 2010 (90 days after the Eleventh Circuit's decision), giving him, under § 2255(f)(1), until December 30, 2011, to file a timely § 2255 motion. *See Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003); Sup. Ct. R. 13(1). He did not file his § 2255 motion until February 14, 2014 – over two years after

---

[3] The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

expiration of the time provided by § 2255(f)(1).

Morgan argues that § 2255(f)(1) is not controlling in his case and that, instead, his motion is timely under either § 2255(f)**(3)**[4] or § 2255(f)**(4)**,[5] because it was filed within a year after June 17, 2013, the date *Alleyne* was decided.[6]  Doc. No. 2 at 3-6.  However, § 2255(f)(3) does not control the limitation period for Morgan, because *Alleyne* is not retroactively applicable to cases on collateral review. *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014) ("*Alleyne*'s rule does not apply retroactively on collateral review."); *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *Barkley v. Hastings*, 2014 WL 808079, at *5 (S.D. Ga. Feb. 28, 2014).  Nor does § 2255(f)(4) control here.  Notwithstanding Morgan's contention that *Alleyne* is a "new fact" entitling him to relief, "[a] legal decision is not a 'new fact' for purposes of § 2255(f)(4).  Stated another way, the limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not a change in the law." *Blakney v. United States*, 2011 WL 1113468, at *3-4 (D.S.C. Mar. 24, 2011) (citations, quotations, and alterations omitted)). *See, e.g.*, *United States v. Lester*, 2014 WL 988633, at *2 (W.D. Va. Mar. 13, 2014) ("[T]he court decision [ ] in . . . *Alleyne* . . . [is] not [a] fact[ ] for purposes of § 2255(f)(4) . . . .").

---

[4] Under § 2255(f)(3), the one-year limitation period runs from the date on which the right asserted in a § 2255 motion was first recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).

[5] Under § 2255(f)(4), the one-year limitation periods period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).

[6] Morgan does not argue that subsection (2) of § 2255(f) applies to his § 2255 motion.

6

Although Morgan cursorily asserts he is entitled to equitable tolling of the one-year limitation period (Doc. No. 2 at 6-7), he does not demonstrate that this extraordinary remedy should be applied in his case. The federal limitations period is subject to equitable tolling where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling is with the petitioner. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Morgan suggests that the decision in Alleyne constitutes an "extraordinary circumstance" that prevented him from filing on time. However, "judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances to warrant equitable tolling." *Edwards v. United States*, 2014 WL 5113607, at *3 (M.D. Ala. Sep. 29, 2014). Because Morgan fails to show that his delay in filing his § 2255 motion resulted from extraordinary circumstances beyond his control and unavoidable by due diligence, he is not entitled to equitable tolling of the limitation period.

For the reasons just discussed, even if Morgan could make a claim based on *Alleyne*, his motion is untimely.

### C.  Morgan's pardoned conviction could be used to enhance his sentence.

In his reply to this court's order directing him to show cause why his § 2255 should not be dismissed, Morgan argues that the prior felony drug conviction used to increase his mandatory minimum sentence to 20 years under § 841(b)(1)(A) – a 1995 Alabama conviction for unlawful possession of cocaine – should not have been used because he received a pardon

7

for that conviction in 2007 from the Alabama Board of Pardons and Paroles. Doc. No. 13.

The eligibility of Morgan's 1995 conviction to enhance his sentence under § 841(b)(1)(A) was fully litigated at Morgan's sentencing. *See* Resp't Ex. I. The district court found that the 1995 conviction could be used for enhancement because the pardon Morgan received in 2007 merely restored Morgan's civil and political rights and was not based on a finding of Morgan's innocence; therefore, the conviction had not been expunged. *Id*. at 55.

It is well settled that convictions for which a defendant has been pardoned may be used to enhance a sentence if the pardon is not based on innocence and the conviction has not been expunged. *See United States v. Carmichael*, 560 F.3d 1270, 1275 n.4 (11th Cir. 2009); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971); *Nichols v. United States*, 2012 WL 255788 (N.D. Ga. Jan. 27, 2012). The pardon Morgan received did not absolve him of guilt. Therefore, the district court properly used his prior felony drug conviction to increase his mandatory minimum sentence to 20 years under § 841(b)(1)(A). Morgan is not entitled to relief on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED with prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 18, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.

Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE